**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**FEB 17 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

ROBERT S. FLYNT,

      Plaintiff-Appellant,

v.

KENNETH S. APFEL, Commissioner,
Social Security Administration,

      Defendant-Appellee.

No. 99-5069
(D.C. No. 97-CV-500-EA)
(N.D. Okla.)

**ORDER AND JUDGMENT** *

Before **BALDOCK** , **HENRY** , and **MURPHY** , Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore

ordered submitted without oral argument.

---

\*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Claimant Robert S. Flynt appeals from the district court's order affirming the decision of the Commissioner of Social Security which found him ineligible for disability insurance benefits at step five of the five-step sequential evaluation process, see 20 C.F.R. § 404.1520; Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988) (generally describing the five-step analysis). We affirm after "closely examin[ing] the record as a whole to determine whether the [Commissioner's] decision is supported by substantial evidence and adheres to applicable legal standards." Evans v. Chater, 55 F.3d 530, 531 (10th Cir. 1995).

Mr. Flynt, a former oil field worker who was thirty-eight years old at the August 10, 1994, hearing before the Administrative Law Judge (ALJ), claims disability due to a back injury sustained on November 28, 1992. The injury was followed by a lumbar laminectomy and disc excision in December 1992 and a lumbosacral fusion in March 1994, both performed by Dr. William D. Smith, an orthopedic surgeon. Dr. Smith's records indicate that, after recovery from the first surgery, Mr. Flynt was released to work with a sixty-pound weight-lifting restriction. He returned to Dr. Smith's office in August 1993 complaining of pain and eventually underwent the second surgical procedure. As of June 1994, his examination failed to reveal objective abnormalities and x-rays showed signs of a progressive fusion.

Mr. Flynt testified at the hearing that his condition was much improved from the time of the accident. He stated, however, that he continued to have sharp pain in his lower back and legs, which was relieved somewhat by Darvocet, a prescription analgesic combination. He also testified that his spine was not yet totally fused, so that he could not bend down without pain, twist, or remain in one position for more than thirty minutes. In describing his daily activities, however, Mr. Flynt stated that he regularly drove twenty-two miles to the store, washed dishes, and watched television for four or five hours a day. He also went fishing and played cards with friends.

Mr. Flynt had applied for a job as an environmental inspector, which requires driving a truck between oil field sites and making sure the workers were doing their jobs correctly. Mr. Flynt believed he could perform the job because he could "get in and out of the truck and walk around and get . . . unstiff." Appellant's App., Vol. 2 at 44.

The ALJ also heard testimony from a vocational expert. In response to the ALJ's hypothetical questions, the expert testified that a person of Mr. Flynt's age, education, and work history, who has the physical capacity to perform sedentary to light work with occasional stooping, could perform numerous jobs existing in the national economy.

After the hearing, Mr. Flynt submitted a functional capacity evaluation prepared by Dr. Smith, stating that Mr. Flynt could occasionally lift and carry up to twenty pounds; frequently lift ten pounds; and sit, stand and walk about six hours in an eight-hour work day (one hour at one time).  According to the evaluation, Mr. Flynt was not able to bend, squat, crawl, or climb, although he was able to reach frequently and could use his hands repetitively for simple grasping and fine manipulation.  Dr. Smith also opined that Mr. Flynt was unable to do any type of full-time work.

The ALJ then issued his order.  Although the ALJ acknowledged that claimant "undoubtedly would have some pain and restrictions in his range of motion," he found that claimant's testimony was credible only "to the extent that it is consistent with the performance of light work activity, with occasional stooping."  Id. at 25-26. [1]  The ALJ therefore concluded that claimant was not disabled.

The district court affirmed the denial of benefits.  On appeal, Mr. Flynt argues that the ALJ's decision:  (1) fails to give proper consideration to the

---

[1]     As described in the regulations, light work requires "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 404.1567(b).  "Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls."     Id.

opinion of Dr. Smith, his treating physician; (2) applies improper legal standards to evaluate the credibility of his testimony on his subjective complaints; and (3) lacks substantial evidence to support the credibility evaluation and determination of residual functional capacity (RFC).

Mr. Flynt's first argument is that controlling weight should be given to the opinion of Dr. Smith. A treating physician may offer an opinion about a claimant's condition and the nature and severity of any impairments. See Castellano v. Secretary of Health & Human Servs., 26 F.3d 1027, 1029 (10th Cir. 1994). However, to be given controlling weight, the opinion must be "well supported by clinical and laboratory diagnostic techniques and [cannot be] inconsistent with other substantial evidence in the record." Id. A treating physician's opinion that his patient is disabled is not dispositive, as final responsibility for determining disability rests with the Commissioner. See id. The ALJ, however, "must give specific, legitimate reasons for disregarding the treating physician's opinion that a claimant is disabled." Goatcher v. United States Dep't of Health & Human Serv., 52 F.3d 288, 290 (10th Cir. 1995).

Here, the ALJ rejected Dr. Smith's conclusion that Mr. Flynt could not do full-time work. The statement of reasons for disregarding this opinion could be more detailed. When read in context with other sections of the ALJ's decision, however, it is apparent that the rejection is based on an evaluation of the

objective medical evidence and the hearing testimony. Contrary to Mr. Flynt's assertion, the ALJ accorded appropriate weight to Dr. Smith's opinion.

Next, Mr. Flynt challenges the decision not to fully credit his subjective allegations of pain and other limitations. The ALJ recognized that Mr. Flynt suffers from an impairment that produces pain and restrictions in range of motion. Accordingly, the ALJ evaluated factors such as Mr. Flynt's use of pain medication, other attempts to obtain relief, and the nature of daily activities, as well as subjective measures of credibility including the consistency of nonmedical testimony with the objective medical evidence. See Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly the province of the finder of fact, and we will not upset such determinations when supported by substantial evidence." Diaz v. Secretary of Health & Human Servs., 898 F.2d 774, 777 (10th Cir. 1990). Because the ALJ's determination on this matter is supported by substantial evidence in the record, we will not disturb his findings on appeal.

In a related argument, Mr. Flynt asserts that the determination of his RFC is not supported by substantial evidence. As discussed above, the ALJ did not err in discounting Dr. Smith's opinion or in evaluating Mr. Flynt's subjective complaints. Consequently, the record provides adequate support for the ALJ's conclusion that Mr. Flynt had the RFC to perform light or sedentary work.

-6-

The Commissioner applied the correct legal standards in this case, and the record contains substantial evidence supporting his decision. Consequently, we AFFIRM the judgment of the district court.

Entered for the Court

Michael R. Murphy
Circuit Judge